IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MISTY D. McGRADY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | NO. 3:17-cv-0390 |
| | ) | JUDGE TRAUGER |
| JIM MATTIS, et al., | ) | |
| | ) | |
| Defendants | ) | |

ORDER AND MEMORANDUM

Pending before the court is Defendant Victoria Lipnic's Motion to Dismiss Plaintiff's First Amended Complaint (Docket No. 35). For the reasons stated herein, Defendant Lipnic's Motion is GRANTED, and Plaintiff's claims against Defendant Lipnic are DISMISSED.

Plaintiff brought this age discrimination action against, among others, Defendant Victoria Lipnic, Acting Chair of the Equal Employment Opportunity Commission ("EEOC"), in her official capacity only. Because a complaint against an agency head in her official capacity only is an action against the agency itself, Plaintiff's claims are actually against the EEOC. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (*cited in Burns v. Robertson County*, 192 F.Supp.3d 909, 919 (M.D. Tenn. 2016)).

The EEOC argues that this court lacks subject matter jurisdiction over any claims against it because such claims are barred by sovereign immunity. The EEOC is an agency of the United States government. The United States, as a sovereign entity, is immune from suit unless it consents to be sued. *Adkisson v. Jacobs Engineering Group, Inc.*, 790 F.3d 641, 645 (6th Cir. 2015) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). Therefore, in order for this court to have subject matter

jurisdiction of Plaintiff's claims against the EEOC, Plaintiff must establish that the United States has waived its sovereign immunity and consented to be sued.

As relevant to this case, the EEOC is the federal agency charged with enforcing the provisions of 29 U.S.C. § 633a, which prohibits age discrimination by the federal government. Plaintiff has cited no statute or regulation in which the EEOC has waived its sovereign immunity for actions against it in its enforcement capacity.

Plaintiff contends that the court has jurisdiction pursuant to 29 U.S.C. § 633a(c). Section 633a(c) provides that any person aggrieved by a violation of the age discrimination prohibition in subsection (a) may bring a civil action in any federal district court of competent jurisdiction. That provision would be applicable only if Plaintiff were an employee or former employee of the EEOC, which she has not alleged. There is also no allegation in this case that the EEOC discriminated against Plaintiff in any manner.

Plaintiff has not established that this court has jurisdiction over the EEOC for purposes of this action. Her alleged claims[1] against the EEOC are barred by sovereign immunity.

Accordingly, Defendant Lipnic's Motion to Dismiss (Docket No. 35) is GRANTED, and all claims against Defendant Lipnic are DISMISSED.

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that Plaintiff has admitted she does not assert any claims against the EEOC. Docket No. 39 at 3. She states that "the EEOC may also be interested in the outcome of this dispute" and that the EEOC "may wish to weigh in on the issue." *Id*. at 2 and 4. These allegations are not sufficient to state a claim against the EEOC.